PAINPAIE *vs.* MARTIN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

If on an examination of the record, the appellant appears to be entitled to relief, the court will award it according to the nature and justice of the case.

So, where by the record it appeared the verdict was entered for "six hundred dollars, *or* the return of a note," upon which judgment was rendered, for "six hundred dollars to be satisfied by the return of the note," and the

evidence showed that it should be for " six hundred dollars and the return of the note for six hundred dollars," this court gave judgment accordingly.

This is a redhibitory action, for the rescission of the sale of a slave, and the return of the price. The plaintiff had paid six hundred dollars in cash for the slave, and gave his note for six hundred dollars. The slave fell sick the next day of some incurable disease, of which he lingered for a time and died.

Upon the evidence adduced, the jury returned the following verdict as regards the plaintiff and defendant : " We of the jury, find for the plaintiff the sum of six hundred dollars, *or* the return of his note, and the costs of suit."

Upon this verdict, the following judgment was rendered : " The court being satisfied with the verdict, do, by reason thereof, order and adjudge, that the plaintiff recover of the defendant the sum of six hundred dollars, to be satisfied by the return of his note, given for the slave, &c."

The plaintiff's counsel took a rule on the defendant to show, why the judgment should not be amended, and judgment rendered in conformity with the verdict. On hearing the parties, the judge discharged the rule, and the plaintiff appealed.

*Grivot,* for the plaintiff, contended,

1. There is an error in the judgment of the court, it not being rendered conformably to the verdict, which error arises from the mistaking the words " and the return of the note," as appears in the verdict of the jury, written on the original petition, for the words " or the return of the note."

2. If the court should think that the judgment is conformably to the verdict, the verdict of the jury is contrary to law and evidence, and should have been in favor of plaintiff, for the sum he paid in cash for the slave, at the time of signing the act of sale, and the return of the note of six hundred dollars subscribed by him, and given for the balance.

*Preaux,* for the defendant, insisted, that the judgment was

properly entered, if there was to be judgment against the defendant, and that it was rendered according to law.

2. The plaintiff has not moved for a new trial, which was his only remedy, if he was dissatisfied. By not doing so, he agrees that the judgment is correct. The appeal should therefore be dismissed.

EASTERN DIST.
*May, 1839.*

PAINPAIE
*vs.*
MARTIN.

*Martin, J.*, delivered the opinion of the court.

The plaintiff having purchased from the defendant a slave, for the price of twelve hundred dollars, one-half of which he paid in cash, and gave his note for the balance, payable seven months after date, brought the present action for the rescission of the sale, on account of redhibitory defects and maladies. There was a verdict in his favor for six hundred dollars, *or* the return of his note. Judgment was rendered for the sum of six hundred dollars, to be satisfied by the return of the note. The defendant's warrantor moved for a new trial, which was overruled.

The plaintiff appealed, after an unsuccessful attempt to have the judgment amended according to the verdict.

The plaintiff's counsel has contended, that it is evident that the verdict of the jury was inaccurately recorded. The disjunctive *or*, being used, instead of the copulative *and*. This being the case, it was the duty of the plaintiff's counsel to have assented to a new trial, which would have afforded the best opportunity of correcting the error, instead of asking what was already done, that there should be a judgment according to the verdict.

Our attention has not been drawn to any other part of the record, and the verdict has not been complained of in this court by the defendant.

On a close examination of this case, it has appeared to us, that it is our duty to relieve the appellant. It is evident that he is entitled to recover the whole price of the slave, one-half of which only has been awarded him.

*So, where by the record it appeared the verdict was entered for "six hundred dollars, or the return of a note;" upon which judgment was rendered for "six hundred dollars, to be satisfied by the return of the note," and the evidence showed that it should be for "six hundred dollars and the return of the note for six hundred dollars," this court gave judgment accordingly.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and

EASTERN DIST. reversed, so far as it concerns the plaintiff and defendant;
May, 1839. and proceeding to give the judgment to which the plaintiff
AVART was entitled in the court below : it is ordered, adjudged and
vs. decreed, that the sale of the slave Rufus be rescinded; and
KING ET AL. that the plaintiff recover from the defendant the sum of twelve hundred dollars; six hundred dollars of which may be discharged by delivering to the plaintiff, or filing in the clerk's office of the District Court for him, the note mentioned in the petition, with costs in both courts.